UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Los Angeles Superior Court
Central District
case no. BC482950

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-03613-MRP-MAN | Date | June 28, 2012 |
|---|---|---|---|
| Title | Massachusetts Mutual Life Insurance Company v. Angelo Mozilo et al | | |

Present: The Honorable    Mariana R. Pfaelzer, Senior U.S. District Judge

| | |
|---|---|
| Courtroom Clerk: | Cynthia Salyer |
| Court Reporter: | None |
| Attorneys Present for Plaintiff: | None |
| Attorneys Present for Defendants: | None |

**Proceedings:**   IN CHAMBERS

    This case was removed from Los Angeles Superior Court on the basis of diversity jurisdiction. ECF No. 1. Plaintiff filed a timely motion to remand on the grounds that the "forum defendant" rule articulated in 28 U.S.C. § 1441(b)(2) prohibits removal. ECF No. 19. The Court hereby **GRANTS** that motion and **REMANDS** this case to Los Angeles Superior Court.

    Plaintiff filed the Complaint in Los Angeles Superior Court on April 20, 2012. ECF No. 1. On April 23, 2012, Plaintiff emailed a copy of the Complaint to Defendants' counsel and requested that counsel accept service on behalf of their respective clients. Stephens Decl. Ex. B. On April 26, 2012, Defendants filed the Notice of Removal. ECF No. 1. Defendants accepted service the next day, on April 27, 2012. Stephens Decl. Ex. B.

    The forum defendant rule provides that, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The sole basis for removal was diversity jurisdiction, and Defendants are all residents of California. The only question is whether the "properly joined and served" language prevents the application of the forum defendant rule in this case.

    Courts are split on this issue, and each side presents a compelling argument. On its face, 28 U.S.C. § 1441(b) only applies when the forum defendant has been "properly joined and served." *Id.* Plaintiff argues that the "and served" requirement does not apply where, as

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:12-cv-03613-MRP-MAN | Date | June 28, 2012 |
| Title | Massachusetts Mutual Life Insurance Company v. Angelo Mozilo et al | | |

here, the defendants removed the case before the plaintiff could possibly have served the defendant. Some courts have found dispositive the plain meaning of the "properly joined and served" language. *See Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 11-4540 SC, 2012 WL 685756, at *4 (N.D. Cal. Mar. 2, 2012) (Plaintiff's proposed reading "would improperly discard pivotal parts of the statute as mere surplusage."). Other courts, including at least two in this district, have held that the "properly joined and served" language is meant to prevent fraudulent joinder, and that the language is therefore not implicated when a defendant that is properly in the case manages to file its notice of removal before the plaintiff is able to effect service. *Khashan v. Ghasemi*, CV10-00543MMM(CWX), 2010 WL 1444884, at *2 (C.D. Cal. Apr. 5, 2010) (The "'properly joined and served' language of § 1441(b) does not prevent a finding that the removal was procedurally defective."); *Standing v. Watson Pharm.*, CV 09-0527 DOC (AN x), 2009 WL 842211, *5 (C.D.Cal. Mar. 26, 2009) (Joined and served requirement "is not implicated where the non-forum defendant (or forum defendant) seeks to remove the action prior to the service of any defendant."); *see also Sullivan v. Novartis Pharmastein AG*, 575 F.Supp.2d 640, 645 (D.N.J. 2008) ("Indeed, it is inconceivable that Congress, in adding the 'properly joined and served' language, intended to create an arbitrary means for a forum defendant to avoid the forum defendant rule simply by filing a notice of removal before the plaintiff is able to effect process.").

The debate is well-developed in *Regal Stone*, *Khasan*, and *Standing*, and the Court need not rehash it here. The Court agrees with the cogent analysis in *Khasan* and *Standing*. The plain meaning of the statute would permit removability to turn on the timing of service rather than the diversity of the parties. Such a reading would "eviscerate the purpose of the forum defendant rule." *Sullivan*, 575 F.Supp.2d at 646–7. The Court "may not adopt a plain language interpretation of a statutory provision that directly undercuts the clear purpose of the statute." *Albertson's, Inc. v. Comm'r*, 42 F.3d 537, 545 (9th Cir. 1994). For the reasons set out in *Khasan* and *Standing*, the Court hereby **GRANTS** Plaintiff's motion and **REMANDS** this action to Los Angeles Superior Court.

IT IS SO ORDERED.

| | : | 00 |
|---|---|---|
| Initials of Deputy Clerk | | |